**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x
TYRONE DOTSON,

                Petitioner,

   -v-

DALE ARTUS, Superintendent of Clinton Correctional Facility,

                Respondent.
------------------------------------- x



MEMORANDUM DECISION
AND ORDER
07 CV 5680 (GBD)(DFE)

GEORGE B. DANIELS, United States District Judge:

    Pro se Petitioner Tryone Dotson brings this habeas corpus petition pursuant to 28 U.S.C. § 2254 alleging: (1) his Sixth Amendment right to counsel was infringed when the trial court in the underlying state action refused to grant his request for a new attorney on the eve of trial, and (2) that his 15-year prison sentence is excessive.

    This Court referred the matter to Magistrate Judge Douglas Eaton for a Report and Recommendation. Magistrate Judge Eaton issued a Report and Recommendation ("Report") recommending that Petitioner's habeas corpus petition be denied in its entirety.

    The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)©. It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d

619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his report, Magistrate Judge Eaton advised Petitioner that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Petitioner requested and received an extension of time to respond to Magistrate Judge Eaton's Report. Petitioner failed to timely object to the Report. This Court adopts the Report's recommendation in its entirety.

In light of the liberal pleading standard for pro se petitioners, Magistrate Judge Eaton properly considered Petitioner's Appellate Briefs in construing Petitioner's claims. Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir.1983). Magistrate Judge Eaton correctly concluded that a writ of habeas corpus is only granted when the adjudication of the underlying State claims: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). An "unreasonable application of" Federal Law must be objectively unreasonable. Lockyer v. Andrade, 538 U.S. 63, 75 (2003). Also, a petitioner must establish an error of fact by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Magistrate Judge Eaton correctly concluded that Petitioner failed to satisfy either the "contrary to" or "unreasonable application of" prongs because the Supreme Court has given trial courts "wide latitude in balancing the right to counsel of choice against the needs of fairness, and against the demands of its calendar. Wheat v. United States, 486 U.S. 153, 159 (1988). Here, the defendant requested new counsel moments before trial was set to begin. Further, he stated he had new counsel ready to proceed but never supplied a name, nor did any attorney ever contact the court. Further, the Appellate Division's factual determination that Dotson had made no statement that he or his family had retained a new attorney was not an unreasonable determination of the facts given that no attorney was there, Petitioner did not

2

provide the name of a new attorney and no new attorney contacted the court.

Magistrate Judge Eaton also properly concluded that Petitioner's excessive sentence claim fails. There is only a constitutional issue subject to habeas review when the sentence falls outside the state statutory range. White v. Keane, 969 F.2d 1391 (2d. Cir. 1992). Under New York law, the maximum sentence for attempted second-degree kidnapping is 15 years. N.Y. Penal Law § 70.04(1)(a); (3)(b). Petitioner received 14 years. Therefore, Magistrate Judge Eaton properly concluded that this claim should be dismissed.

## Conclusion

The Court adopts the Report and Recommendation. Petitioners habeas corpus petition is dismissed in its entirety.

Dated: September 29, 2010
      New York, New York

SO ORDERED:

_____
GEORGE B. DANIELS
United States District Judge